

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00026-CR
_____

BURNCHES MARKISH MITCHELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1493925D; Honorable Scott Wisch, Presiding

January 5, 2021

## ORDER OF ABATEMENT AND REMAND

### Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Burnches Markish Mitchell, appeals his conviction for capital murder[1] and sentence to life imprisonment.[2]  Because Appellant's appointed counsel has failed to file an appellate brief, we remand the cause to the trial court for further proceedings.

---

[1] TEX. PENAL CODE ANN. § 19.03(a)(2) (West Supp. 2020).

[2] Originally appealed to the Second Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

Appellant's brief was originally due on August 13, 2020. Due to the vast size of the appellate record, we granted Appellant's counsel four extensions to file a brief. By letter of November 16, 2020, we admonished counsel that no further extensions would be granted and that failure to file a brief by December 14 would result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice. To date, Appellant's counsel has not filed a brief or had any further communication with this court.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

(1)    whether Appellant desires to prosecute the appeal;

(2)    whether Appellant is indigent;

(3)    why a timely appellate brief has not been filed on Appellant's behalf;

(4)    whether Appellant's counsel has abandoned the appeal;

(5)    whether Appellant has been denied the effective assistance of counsel;

(6)    whether new counsel should be appointed; and

(7)    if Appellant desires to continue the appeal, the date the court may expect Appellant's brief to be filed.

The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this court by March 1, 2021. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has

2

been denied the effective assistance of counsel, the trial court may appoint him new counsel; the name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

Should Appellant's counsel file a brief on or before January 22, 2021, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.